# IN THE UNITED STATES DISTRICT COURT
# DISTRICT OF SOUTH CAROLINA
# ANDERSON/GREENWOOD DIVISION

| | | |
|---|---|---|
| Charles Antoine Burgess, | ) | Civil Action No. 8:19-cv-03055-RMG |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | **ORDER AND OPINION** |
| | ) | |
| United States, | ) | |
| | ) | |
| Defendant. | ) | |
| _____ | ) | |

Before the Court is the Report and Recommendation ("R & R") of the Magistrate Judge (Dkt. No. 6) recommending that Petitioner's Petition for a Writ of Habeas Corpus under 28 U.S.C. § 2241 be transferred to the United States District Court for the Eastern District of North Carolina. For the reasons set forth below, the Court adopts the R & R as the order of the Court and the action is transferred to the United States District Court for the Eastern District of North Carolina.

## I. Background

Charles Antoine Burgess ("Petitioner") is an inmate currently incarcerated at the Federal Correctional Institute-Butner in Butner, North Carolina. (Dkt. No. 1.) Petitioner has filed a *pro se* Petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241 alleging that his sentence has been improperly computed as his state and federal sentences should have run concurrently, and therefore he will improperly remain incarcerated until 2023. (Dkt. No. 1.) On December 13, 2013, Petitioner pled guilty to the offense of possession of a firearm in furtherance of a drug trafficking crime and was sentenced in the United States District Court for the District of South Carolina to a 60-month prison term with five years of supervised release. (Dkt. No. 1-2 at 2.) On the same day, Petitioner was also sentenced in the District of South Carolina to a 24-month prison term for violating conditions of his supervised release. (Dkt. No. 1-2 at 7.) On October 14, 2014, Petitioner

was sentenced in a South Carolina state court to a 10-year prison term with 664 days of credit. (Dkt. No. 1-2 at 7.) On October 25, 2018, Petitioner was released from the South Carolina Department of Corrections to federal custody, and sent to FCI Butner in North Carolina, where he is currently incarcerated. (Dkt. Nos. 1 at 2; 1-2 at 7.) Petitioner claims that his sentence was computed incorrectly as his sentences did not run concurrently due to BOP error. (Dkt. No. 1.) Petitioner filed a grievance in FCI Butner, which was ultimately denied by the National Inmate Appeals Central Office. (Dkt. No. 1-2 at 1 – 9.) Petitioner now files this petition for habeas corpus under 28 U.S.C. § 2241, arguing that BOP has inaccurately calculated his sentence. (Dkt. No. 1.)

On October 31, 2019, the Magistrate Judge issued an R & R recommending that this case be transferred to the United States District Court for the Eastern District of North Carolina as § 2241 petitions must be filed in the District in which a petitioner is incarcerated. (Dkt. No. 6.) Petitioner has not filed Objections, though did file a "Supplemental Memo" to add a citation to *Mangum v. Hallembaek*, 824 F.3d 98 (4th Cir. 2016) to his Petition.[1] (Dkt. No. 8.)

**II.     Legal Standard**

The Magistrate Judge makes only a recommendation to this Court that has no presumptive weight. The responsibility to make a final determination remains with the Court. *See Mathews v. Weber*, 423 U.S. 261, 270–71 (1976). The Court may "accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1). This Court is charged with making a *de novo* determination of those portions of the R & R to which specific objection is made. Fed. R. Civ. P. 72(b)(2). Where the plaintiff fails to file any specific objections, "a district court need not conduct a *de novo* review, but instead must only satisfy itself

---

[1] The same case later returned to the Fourth Circuit in *Mangum v. Hallembaek*, 910 F.3d 770 (4th Cir. 2018), though it appears that the decision cited above, dealing with determining if multiple terms of imprisonment run concurrently, is more relevant to Petitioner's Petition.

that there is no clear error on the face of the record in order to accept the recommendation." *Diamond v. Colonial Life & Accident Ins. Co.*, 416 F.3d 310, 315 (4th Cir. 2005) (internal quotation omitted). Petitioner has not filed objections, and the R & R is reviewed for clear error.[2]

### III. Discussion

The Court finds that the Magistrate Judge correctly concluded that the action should be transferred to the United States District Court for the Eastern District of North Carolina as this court does not have jurisdiction over Petitioner's Petition. As discussed in the R & R, a § 2241 habeas petition challenges the execution or implementation of a federal prisoner's sentence, such as sentence execution or computation by the BOP. *See Fontanez v. O'Brien*, 807 F.3d 84, 87 (4th Cir. 2015); *U.S. v. Miller*, 871 F.2d 488, 490 (4th Cir. 1989) (a § 2241 is brought for "attack[ing] the computation and execution of the sentence rather than the sentence itself."). District courts are only authorized to grant writs of habeas corpus under § 2241 "within their respective jurisdictions." 28 U.S.C. § 2241(a). *Rumsfeld v. Padilla*, 542 U.S. 426 (2004) explains that the proper respondent is generally the person who has immediate custody of the petitioner.

In this case, Petitioner challenges the computation of his sentence, arguing that it was improperly computed based on an error by the BOP in failing to compute his sentence concurrent with his state sentence. (Dkt. No. 1 at 2.) Although Petitioner was sentenced in the United States District Court for the District of South Carolina, he is presently incarcerated at FCI Butner in North Carolina. (*Id.*) Petitioner's current custodian, the Warden of FCI Butner, is therefore the proper respondent to Petitioner's § 2241 Petition. Accordingly, this Court lacks jurisdiction for this Petition. *See United States v. Morgan*, 305 F. App'x 61, 62 (4th Cir. 2008) ("A § 2241 petition . .

---

[2] However, even if Petitioner's Supplemental Memo could be construed as objections (which it is not as it does not object to the R & R's recommendation to transfer the case), having reviewed the entire record, the Court's decision would be the same under a *de novo* standard of review.

. must be brought in the district of incarceration."). FCI Butner is located within the United States District Court for the Eastern District of North Carolina. *Id.* Therefore, Petitioner's § 2241 Petition should be transferred to the Eastern District of North Carolina for further consideration and proceedings. *See Feller v. Brock*, 802 F.2d 722, 729 n.7 (4th Cir. 1986) ("Although a motion by one of the parties is ordinarily required for transfer, the district court may consider the possibility of transfer *sua sponte*.") (citations omitted); 28 U.S.C. § 1631 (district court should transfer a petition to the proper district if the transfer is in the interest of justice).[3]

IV. **Conclusion**.

For the foregoing reasons, the R & R of the Magistrate Judge (Dkt. No. 6) is **ADOPTED** as the order of the Court and Petitioner's petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241 (Dkt. No. 1) is **TRANSFERRED** to the United States District Court for the Eastern District of North Carolina.

**AND IT IS SO ORDERED.**

Richard Mark Gergel
United States District Court Judge

November 25, 2019
Charleston, South Carolina

---

[3] Petitioner's Supplemental Memo does not change this analysis, and instead, as noted above, the case, *Mangum v. Hallembaek*, 824 F.3d 98 (4th Cir. 2016), potentially goes to the merits of his Petition rather than proper jurisdiction. The Court makes no ruling on the relevance of that case.